UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 DEC -8 PM 3: 07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 0 8 1998

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 97-L-2922-S |
| 1.772 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; EDWARD R. MIZE and MARJORIE L. MIZE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Currently pending before this Court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendants Edward R. Mize and Marjorie L. Mize ("Defendants"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the Court's modifications to the Report of Commissioners and final judgment.

15

II. <u>Damages Awarded For The Permanent Easement</u> ($8,850)

The Commissioners awarded $8,850 for the permanent pipeline easement by deriving that the 1.77 acres was worth $5,000 an acre. Although Defendants object to valuing the property at $5,000, the Court holds that the $5,000 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the Court.

III. <u>Amount Awarded For Timber Damage</u> ($1,000)

The Commissioners recommended that damage to timber in the easement amounted to $1,000. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

IV. <u>Amount Awarded For Temporary Easement</u> ($936)

The Commissioners recommended that $936 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

V. <u>Amount Awarded For the Pipeline's Crossing of the Northwest Corner</u> ($2,000)

The Commissioners awarded $10,000 to Defendants for damages to the property where the pipeline cut across the northwest corner, without specifying the amount of land being affected. Defendants contend that this $10,000 award was for damages to both the two acre area affected in the northwest corner as well as the remaining

property due east of where the pipeline cuts across. This court finds that there is no evidence to support an award for damages due to the pipeline's crossing the northwest corner apart from the two acre tract mentioned aforesaid, and that the Commission's $10,000 award for damages was referring to this two acre tract. Because they valued the land at $5,000 per acre, the Commission's $10,000 damage award would render the entire two acre area completely worthless by the presence of the pipeline. (2 acres x $5,000 per acre = $10,000). There was no testimony before the Commission supporting a conclusion that the acreage in the northwest corner would be rendered worthless by the pipeline. Therefore, the Court finds that the $10,000 in damages to the remainder recommended in the Commissioner's report is clearly erroneous. The Court holds that a 20% reduction in value to the larger two acre tract outside the pipeline easement in the northwest corner is a just compensation. Using the Commission's own $5,000 per acre value, the 20% reduction in value to this two acre tract would produce damages of $2,000, not $10,000. Thus, the Court holds that the amount awarded for the pipeline's crossing of the northwest corner should be $2,000.

## VI. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement, as just compensation for the taking of the above-described easement, in the amount of $20,786. The court has decided to moderate such award from $20,786 to $12,786, pursuant to the provisions of F.R.C.P. Rule

53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $12,786, in favor of the plaintiff.

DONE this 7th day of December 1998.

_____
SENIOR JUDGE